JANVIER, Judge.
This suit results from an intersectional automobile collision which occurred at the corner of Loyola Avenue and First Street, in New Orleans, at about 8:30 o’clock on the morning of July 19,1954.
The plaintiff, Anthony N. Gremillion, was operating his Chevrolet automobile on First Street, going in the direction away from the Mississippi River, and defendant, Mrs. Ora P. Brown, was operating a Mercury car on Loyola Avenue in a downtown direction. The two cars met in the intersection. Gremillion sustained physical injuries and his car was damaged. ■
Gremillion had obtained a policy of collision insurance from Washington Fire & Marine Insurance Company under which that Company had agreed to pay all but $50 of such amount as might be required to repair his car should it be damaged in collision and accordingly that Company and Gremillion, on that basis, paid for the repairs to his car and he executed a conventional subrogation in favor of the said insurer up to the amount which it had paid, and then Gremillion and that Company brought this suit against Mrs. Ora P. Brown, her husband, John L. Brown, and Allstate Insurance Company, the liability insurance carrier of Mr. and Mrs. Brown, the Washington Fire & Marine Insurance Company praying for judgment in the sum of $133.36, which it had paid on account of the repairs of the Gremillion car, and Gremillion praying for judgment for $50 as his portion of the repairs of his car, and $2,389.76 for his physical injuries, medical expenses, loss of earnings, suffering, etc.
Defendants denied that there had been any negligence on the part of Mrs. Brown and averred that the accident had been caused solely by the negligence of Gremil-lion, and in the alternative they specially pleaded that Gremillion had been guilty of contributory negligence.
There was judgment in favor of defendants dismissing the suit of plaintiffs and they have appealed.
As Gremillion, on First Street, neared the corner of Loyola Avenue, he says that he brought his car almost to a stop because his passage was blocked by a garbage truck on Loyola Avenue; that he then looked to his left and saw the car driven by Mrs. Brown and that it was “half way of the block.” He says: “I had figured I had time enough to go across the street.” He did not again look at the car which was approaching but proceeded in his attempt to cross Loyola Avenue and saw the Brown car again only when it was “about 10 feet from me.”
In most respects Gremillion is corroborated by a passenger in his car, George Cozic.
Mrs. Brown says that as she, on Loyola Avenue, approached the intersection of First Street, there was another car ahead of her which was crossing and that she therefore brought her car to a complete stop, that she saw the Gremillion car which was standing still on First Street, that Gre-million was looking at his “partner”,. Cozic, and that, believing that Gremillion would permit his car to remain stationary and allow her to cross, she drove into the intersection and that just as she entered the *709 intersection "it seemed. Mr. Gremillion had started out also,” and that before she could bring her car to a stop it crashed into the side of the Gremillion car.
Counsel for plaintiffs argue that Gremil-lion had preempted the intersection and that this is made evident by two facts. — first, because of the fact that the Brown car struck the Gremillion car, and second, because the impact occurred near the far side of Loyola Avenue making it evident that the Gremillion car had almost crossed when it was struck.
In the first place, as has so often been said, preemption does not necessarily mean entering first. There is no preemption if the car which should not enter because of the dangerous proximity of another car hastens into the intersection immediately in front of the other oncoming car. This is obviously what Gremillion did. He had brought his car to a stop or practically to a stop, evidencing an intention to allow the other car to pass and had then accelerated its speed, with the result that, though it did not preempt the intersection, it did get into it first. In the second place, there is considerable doubt over the question' of whether the impact occurred near the far side of Loyola Avenue, and it is by; no means certain that it did. Other evidence indicates that the impact took place on the near side of Loyola Avenue rather than- on the far side.-
In this state of the record it is not possible for us to conclude that the District Judge was manifestly in error. He reached the conclusion that the attention of Gremil-lion was “diverted” either to the garbage truck or to his passenger. Nor was he manifestly in error in concluding that when Gremillion saw the Brown car when it was a half block away, he “proceeded into the street,” and “never looked again.”
.It is impossible to determine just what-did cause the accident. It seems probable that each driver thought that the other would stop and permit free passage and that each started into the intersection without noticing that the other was about to enter. Certainly Gremillion was to some extent at fault and, if so, plaintiffs cannot recover however negligent Mrs. Brown may have been.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.